IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT LLOYD, § | | |
| Plaintiff, § | | |
| V. § | | |
| § | | |
| LISA BIRKMAN, CYNTHIA LONG, § | A-13-CV-505-DAE-ML | |
| VALERIE COVEY, RON MORRISON, § | | |
| DAN A. GATTIS, and WILLIAMSON § | | |
| COUNTY, TEXAS, § | | |
| Defendants. § | | |

**ORDER SETTING HEARING**

On this day the Magistrate Court held a hearing on Plaintiff Robert Lloyd's Motion for Discovery Sanctions Against Defendant Williamson County, filed November 2, 2015 [Dkt. #81] Defendant Dan A. Gattis' Response to Plaintiff's Motion for Discovery Sanctions Against Defendant Williamson County, filed November 6, 2015 [Dkt. #82], Defendants Lisa Birkman, Valerie Covey, Cynthia Long, Ron Morrison, and Williamson County, Texas' Response in Opposition to Motion, filed November 9, 2015 [Dkt. #83], and Plaintiff's Reply, filed November 12, 2015 [Dkt. #85]. The parties appeared through counsel. After considering the briefing and exhibits, the arguments of counsel, and the case file as a whole, the Magistrate Court finds the motion for discovery sanctions should be DENIED.

The original pretrial scheduling order set a July 18, 2014 discovery deadline in this case that has not been modified by subsequent events. Sched. Ord. [Dkt. #7]. That scheduling order further provides "Counsel may, by agreement, continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary cirumstances." *Id.* Plaintiff has not identified either an enforceable agreement to continue discovery into November of 2015, or any extraordinary circumstances justifying reopening discovery at this late date.

1

Plaintiff nevertheless asserts the depositions of two witnesses, Peggy Vasquez and Kevin Stofle, should be ordered and sanctions imposed based Defendants' failure to produce these witnesses in response to deposition notices issued in July of 2014.  Plaintiff concedes, however, that the parties agreed not to proceed with the noticed depositions, and discussed resetting Vasquez and Stofle's depositions at some unspecified future date.  *See* Gattis Resp.[Dkt. #82], Ex. 1.  At the hearing, Plaintiff acknowledged the parties were able to agree on dates outside the official discovery period to take several depositions of other witnesses, but no specific dates were agreed for the depositions of either of these two witnesses.  In fact, after agreeing not to proceed with the noticed depositions, Plaintiff did not ask for any specific dates to depose these two witnesses until well into 2015, after Judge Ezra's order on the parties cross-motions for summary judgment issued.

This record provides no basis for discovery sanctions.  At best, it establishes the parties agreed ***not*** to proceed on the deposition notices on which Plaintiff now bases his request for sanctions.  Though Plaintiff and the Defendants may have reached agreements to reschedule the depositions of other witnesses outside the official discovery period, nothing in this record establishes any firm agreement on a date to go forward with the depositions of Vasquez or Stofle.  As noted in the original scheduling order, only the agreement of the parties or some extraordinary circumstance will warrant court intervention to order depositions after the discovery deadline.

There are no such extraordinary circumstances in this case.  Counsel knew the identity of the witnesses sought to be deposed and their knowledge of relevant facts during the scheduled discovery period.  Summary judgment motions have already been filed in this matter—without the benefit of the testimony now sought.

Trial is set for February, 2016.  Ordering additional depositions of County personnel now, only weeks before the trial, would pose an unreasonable burden on the Defendants.  There is no justification for reopening discovery at this late date.

Therefore, it is ORDERED that Plaintiff Robert Lloyd's Motion for Discovery Sanctions Against Defendant Williamson County, filed November 2, 2015 [Dkt. #81] is DENIED.

SIGNED November 12, 2015

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE